IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| THOMAS ISIAH DAVIS, #206367 | * | |
| Plaintiff | | |
| v. | * | CIVIL ACTION NO. JFM-05-3441 |
| KEITH HARDESTY | * | |
| Defendant. | | |
| | *** | |

**MEMORANDUM**

Plaintiff Davis is a frequent, albeit sporadic, prisoner litigator and has filed approximately thirty-four cases in this Court since 1992. In his most recent filing, which was received by the Clerk on December 27, 2005, plaintiff seeks damages against Finance Officer Keith Hardesty,[1] alleging that checks issued by the Maryland House of Correction Finance Department out of his account to pay for magazine subscriptions were made out under the name Isiah Davis, not Thomas Davis or Thomas Isiah Davis. He claims that this has caused him difficulties in receiving his magazines and the loss of subscription payments.

Accompanying the complaint is plaintiff's motion for leave to proceed in forma pauperis. Because the complaint is subject to dismissal pursuant to this court's authority under 28 U.S.C. § 1915(g), the motion shall be denied.

28 U.S.C. § 1915(g) mandates that:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious,

---

[1] The Clerk shall amend the docket to reflect the correct spelling of defendant's name.

or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

The Court interprets this provision to require that, once three such dismissals under § 1915(e) or Fed. R. Civ. P. 12(b)(6) have been accumulated, a prisoner will be barred thereafter from initiating further civil actions in forma pauperis, absent extraordinary circumstances.[2] Given the application of § 1915(g), this action shall not be permitted to proceed. Plaintiff has filed a number of actions in this court, many of which were summarily dismissed without requiring service of process on defendants because they were frivolous or failed to state a constitutional claim for federal district court consideration. A review of plaintiff's prior prisoner actions discloses that at least three of those actions were dismissed upon such findings.[3] In all three cases, plaintiff was granted leave to proceed in forma pauperis pursuant to § 1915(a). Given these "strikes" and the fact that plaintiff's instant allegations do not show that he is in imminent danger of serious physical injury, this action shall be dismissed pursuant to § 1915(g).

Plaintiff shall be denied leave to proceed in forma pauperis. He may, however, re-file his claims dismissed under § 1915(g), if he chooses to pursue them, under the fee provisions of 28 U.S.C. § 1914 by re-filing his complaint along with the $250.00 civil filing fee. A separate Order follows.

Date: <u>January 4, 2006</u>                               /s/                                               
                                                           J. Frederick Motz
                                                           United States District Court Judge

---

[2] Of course, this provision does not preclude such an inmate from filing future civil actions or from re-filing claims previously rejected under § 1915(g) if they are accompanied by the $250.00 filing fee.

[3] *See Davis v. State*, Civil Action No. JFM-92-1842 (D. Md. 1992); *Davis v. Tomlin*, Civil Action No. JFM-96-1944 (D. Md. 1996); and *Davis v. Hampson*, Civil Action No. JFM-03-672 (D. Md. 2003).